## UPTON v. KNOLL *et al.*

Evidence: CROSS-EXAMINATION. The cross-examination of a witness should be allowed in respect to a matter which has any material connection with or bearing upon the matter drawn out in the examination in chief.

*Appeal from Linn Circuit Court.*

WEDNESDAY, JULY 26.

THE petition alleges the payment to defendant, on account, of $500; and that, upon final settlement, the said payment was by mistake counted as $50, whereby there is due to plaintiff $450. The answer denies the allegations of the petition, and alleges that, on the final settlement between the parties, divers errors occurred, which are specifically set forth. The answer asks that the accounts may be re-stated, and that defendants may have judgment for the amount found due. The replication denies the answer. Upon the trial, the plaintiff introduced, as a witness, his book-keeper, who examined the day-book, cash-book and ledger of plaintiff, and testified that the mistake did not occur in the charge or credit on the books of account, but that, in copying the item from the book to a separate piece of paper, as a statement of plaintiff's account with defendants, it was copied as $50 instead of $500, making a mistake of $450 in favor of defendants. This one item of account was exhibited to the jury, whereupon the defendant's counsel proposed, on cross-examination, to ask the witness various questions as to the other items of charge and credit in the account, with a view to show that said account books were improperly kept, and that the account, if properly kept, would show a balance due defendants; and, with the further view to show that said books were not worthy of belief. The

court sustained the plaintiff's objection to this cross-examination, and the defendants excepted.

Verdict being returned for plaintiff for $465.50, the defendants appeal, and assign as error the ruling of the court in refusing to allow the cross-examination proposed.

*M. P. Mills* and *Thomas Corbett* for the appellants.

No appearance for the appellees.

DAY, Ch. J. — The proposed cross-examination should have been allowed. The answer, in addition to a denial of a mistake in the item of account under consideration, alleges that various other mistakes occurred in favor of plaintiff, and that, in fact, there is a balance due defendants. The effect of this testimony was to show a balance of $450 due plaintiff. Such course of cross-examination as would disprove or diminish this balance was proper, provided it had sufficient connection with the matters drawn out in direct examination. From the examination in chief it appears, as a result of the charges in the books, that there was a certain amount due plaintiff. Certainly it had reference to the direct examination to show, by the account itself, that this amount was not due. This cross-examination might have discovered that this $500 credit was, in fact, allowed, and that other erroneous charges in the account, amounting to $450, were rejected, and that the balance was correctly ascertained; or it might have shown that, notwithstanding the fact that the $500 credit was counted as $50, still other erroneous charges, amounting to $450 or some less sum, were allowed by defendants, and that the balance, though reached through improper data, was, nevertheless, correct, or, at least, that the balance in favor of plaintiff was not so great as, by the testimony in chief, it appeared.

We deem it unnecessary to further illustrate our position or elaborate its consideration. Cross-examination

affords one of the most effective means of detecting false-
hood and discovering truth, and the rules governing it
should be applied in a broad and liberal spirit, with a view
to effectuating substantial justice.

Reversed.